IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIMOTHY WAYNE HARNER,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>     Defendants. | **ORDER & MEMORANDUM DECISION**<br><br>Case No. 2:15-CV-456-DB<br><br>District Judge Dee Benson |

  Plaintiff, inmate Timothy Wayne Harner, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### A.  Deficiencies in Complaint

Complaint:

(a) improperly names "State of Utah" as a defendant, though there is no showing that it has waived its governmental immunity (see below).

(b) improperly names Utah Board of Pardons and Parole, which is an entity that can neither sue nor be sued here.

(c) lists Defendants by titles instead of by individual names.

(d) appears, for some issues, to be filed past the applicable statute of limitation (see below).

(e) appears for the most part to fail to state a constitutional claim because parole is not a federal right (see below).

    (f) possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

    (g) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

    (h) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### B.  Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

**Immunity**

Fifth, as to claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE,

2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)).  Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress.  Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them.  *See id.* at *9.

## Statute of Limitations

Sixth, "Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'"  *Id.* at 675 (citation omitted.  Some of the circumstances underlying these claims appears to have occurred more than four years before this case was filed.

## Lack of Federal Constitutional Issue

Seventh, Plaintiff's arguments about the lack of due process or fairness in parole procedures involve BOP's faulty consideration of information in determining whether to grant him parole.  This does not state the violation of a federal constitutional right.  After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  "Parole is a privilege," not a constitutional right.  *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992).  Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection.  *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).  Because Plaintiff has no substantive liberty

4

interest in parole under the Federal Constitution, he cannot in this federal suit challenge the procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim regarding this issue.

### *Heck*

Finally, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it appears it may regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." *Id.*  This has apparently not happened and may result in dismissal of such claims.

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file an amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's other pending motions are **DENIED**.  (*See* Docket Entry #s 8, 9, 10, 11 & 12.)  These motions are either invalid (as described above) or premature (as there is not a valid complaint on file).

DATED this 2nd day of February, 2016.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court